Jason R. Naess, ISBN 8407
Assistant United States Trustee
Brett R. Cahoon, ISBN 8607
Andrew Jorgensen, ISBN 8695
Trial Attorney
Office of the United States Trustee
United States Department of Justice
720 Park Blvd, Ste. 220
Boise, Idaho 83712
(208) 334-1300
(208) 334-9756 [Facsimile]
ustp.region18.bs.ecf@usdoj.gov

Attorneys for Gregory M. Garvin
Acting United States Trustee for Region 18

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF IDAHO

| In re: | Case No.: 20-00319-NGH |
|---|---|
| CHRISTIAN DOUGLAS EMRY and CYNTHIA KAY EMRY, | Chapter 7 |
| Debtor(s). | |

## MOTION TO REOPEN CASE

The Acting United States Trustee moves under 11 U.S.C. § 350(b) that this case be reopened and that he be authorized to appoint a chapter 7 trustee for the reasons set forth below.

1.      The debtors, Christian Douglas Emry and Cynthia Kay Emry, ("Debtors"), filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on April 3, 2020.

2.      The Chapter 13 case was converted to Chapter 7 by order of the Court on June 1, 2020.

3.      Gary Rainsdon was thereafter appointed as the Chapter 7 Trustee in the case ("Trustee Rainsdon").

Page **1** of **4** – ACTING U.S. TRUSTEE'S MOTION TO REOPEN CASE

4. On September 2, 2020, Trustee Rainsdon filed a Chapter 7 Trustee's Report of No Distribution and Closing Estate.

5. An Order approving the Trustee's Report of No Distribution and closing the case was entered on September 24, 2020.

6. The Acting United States Trustee's office recently received communications indicating the debtor may be entitled to an income tax refund with a non-exempt amount that would likely result in a distribution to creditors of the bankruptcy estate and which needs to be administered. 11 U.S.C. §§ 541, 554(d); *see Pace v. Battley (In re Pace)*, 146 B.R. 562, 564 - 566 (9th Cir. BAP 1992), *aff'd.* 17 F.3d 395 (9th Cir. 1994); *Lopez v. Specialty Restaurants Corp. (In re Lopez)*, 283 B.R. 22, 28 (9th Cir. BAP 2002).

7. This bankruptcy case should be reopened, and a trustee appointed so the above-referenced asset can be administered. 11 U.S.C. § 350(b) provides that a bankruptcy case "may be reopened in the court in which such case was closed to administer assets . . . ." *See In re Ransom*, 2000 WL 33712560 *2 (Bankr. D. Idaho 2000) (Movant has the burden of establishing cause to reopen and the motion presents "only a narrow range of issues: whether further administration [of the bankruptcy case] appears to be warranted; whether a trustee should be appointed; and whether the circumstances of reopening necessitate payment of another filing fee. Extraneous issues should be excluded.") (*quoting Menk v. Lapaglia (In re Menk)*, 241 B.R. 896, 916 - 917 (9th Cir. BAP 1999). A case may be reopened on ex-parte motion filed by a party in interest. *See In re Menk*, 241 B.R. at 915.

8. Federal Rule of Bankruptcy Procedure 5010 provides that in chapter 7, 12 or 13 cases, "a trustee shall not be appointed by the United States trustee unless the court determines that a trustee is necessary to protect the interests of creditors and the debtor or to insure the

efficient administration of the case." The Acting United States Trustee should be authorized to appoint a chapter 7 trustee because such an appointment is necessary to administer the above-referenced asset.

  The Acting United States Trustee moves that the Court enter an order reopening this case and authorizing him to appointment a Chapter 7 trustee, and for such other relief as may be just and proper under the circumstances.

Dated:  March 2, 2021

              GREGORY M. GARVIN
              Acting U.S. Trustee for Region 18


              By: /s/ Jason R. Naess
              Jason R. Naess
              Assistant U.S. Trustee
              [Non CM/ECF] email address
              Jason.r.naess@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 2, 2021, I caused the foregoing document to be filed with the Court's CM/ECF system which causes a copy of the foregoing to be served by electronic means on the parties reflected on the Notice of Electronic Filing.

Holly Sutherlan, Debtor's Counsel

Gary Rainsdon, Previous Trustee

AND I FURTHER CERTIFY that on such date I caused to be served the foregoing document on the following non-CM/ECF Registered Participants via first class mail, postage paid, on the following:

Christian D. Emry
Cynthia K. Emry
269 W. Bacall Drive
Meridian, ID  83646


Date: March 2, 2021

                                                     /s/ Ken Harris
                                                     Ken Harris
                                                     Paralegal Specialist